OPINION
Appellant Rodney Rohrig appeals the decision of the Fairfield County Municipal Court, which revoked his probation. The relevant facts leading to this appeal are as follows. Appellant and Brian Etterling, husband of Rhonda Etterling, have both fathered children with Rhonda's foster sister. This situation has resulted in frequent discord between appellant and Brian. On May 27, 1998, Brian filed a report with the Lancaster City Law Director, alleging that appellant struck him in the face as he was departing a gas station. The prosecutor reviewed the incident and subsequently filed a criminal charge against appellant. On September 29, 1998, appellant was found guilty of assault, in violation of R.C. 2903.13. Appellant was ordered to pay a fine of $100 and was given a thirty-day jail sentence, with all days suspended on condition of two years of good behavior. Additionally, appellant was ordered to have no contact with Brian, Rhonda, Chad, Caitlin and Lee Etterling, and to complete the court's "DOVE" program. On February 9, 2000, following a police report filing by Brian and Rhonda concerning an incident in Groveport, Ohio, as further discussed infra, the prosecutor filed a motion to revoke probation. On May 23, 2000, following a hearing, the trial court revoked appellant's probation and ordered appellant to serve nine days in jail, to be served on three separate weekends. The remaining twenty-one days of the original sentence remained suspended. Appellant timely appealed and herein raises the following two Assignments of Error:
 I. THE TRIAL COURT ERRORED (SIC) ON REVOKING APPELLANT'S PROBATION WHEN THE COURT FAILED TO PROVIDE PROCEDURAL AND SUBSTANTIVE DUE PROCESS OF LAW UNDER THE OHIO AND UNITED ATETS (SIC) CONSTITUTION[S].
 II. THE TRIAL COURT COMMITED (SIC) PREJUDICIAL ERROR BY FAILING TO PROVIDE A WRITTEN FINDING OF FACT THAT WAS CONSISTANT (SIC) WITH THE EVIDENCE ADDUCED AT TRIAL.
As we find appellant's Second Assignment of Error dispositive of the present appeal, we will address the above arguments in reverse order.
 II.
In State v. Colvin (October 9, 1996), Richland App. No. 95-CA-76, unreported, and State v. Davis (October 12, 1989), Delaware App. No. 89-CA-17, unreported, this Court held the preponderance of the evidence standard is the appropriate standard to apply to probation revocation hearings. A trial court's decision to revoke probation will not be disturbed on appeal absent an abuse of discretion. State v. Smith (Aug. 28, 1995), Richland App. Nos. 94-CA-62, 94-CA-64; unreported, at 4. The state chose not to file a brief in the instant action. Appellant's brief reflects proof of service on the Lancaster City Prosecutor's office on September 11, 2000. Pursuant to App.R. 18(C), in determining the appeal, we may accept appellant's statement of the facts and issues as correct, and reverse the judgment if appellant's brief reasonably appears to sustain such action. See, e.g., In re: Fortune (July 27, 1998), Stark App. No. 1998 CA 00042, unreported. Therefore, we presume the validity of appellant's recount of the incident at the core of this dispute, as follows. Brian and Rhonda left their home in Fairfield County on October 14, 1999, and traveled to Groveport, the village in which appellant resides. They reported that appellant drove past their vehicle, put on his brakes, and pulled over to a parking spot. He did not say anything to them, did not follow them out of Groveport, and had no verbal or physical contact with them. Rhonda's testimony included the following exchange during cross-examination:
Q. Okay. I want to know specifically, you know, what contact he had with you that day. In other words, did he come up to you in anyway?
[Objection by prosecutor.]
A. Are (sic) vehicle was traveling. It wasn't possible for him to do that. We were on the move.
[Objection overruled.]
A. I mean, it's not like he was Superman and he flew up beside the van.
Tr. at 59.
Accepting that the event in question took place in appellant's neighborhood, rather than the Etterlings', that no physical or clear verbal contact occurred, and that the entire episode passed with apparent rapidity, we find that insufficient substantial evidence was presented to the trial court that appellant violated his good behavior condition, and appellant's brief reasonably appears to sustain the conclusion that the revocation of probation constituted an abuse of discretion. App.R. 18(C). Appellant's Second Assignment of Error is sustained. I. In his First Assignment of Error, appellant raises certain alleged procedural errors, which he claims resulted in deprivation of due process. We find these arguments moot in light of our holding above. We have made clear our reluctance to engage in the issuance of advisory opinions. See, e.g., State v. Brown, (Jan. 24, 2000), Stark App. No. 1999CA00188, unreported. Therefore, we decline to address appellant's First Assignment of Error on grounds of mootness.
For the reasons stated in the foregoing opinion, the decision of the Lancaster Municipal Court, Fairfield County, Ohio, is hereby reversed and vacated.
_________________________________ Wise, J.
By: Wise, J. Edwards, P.J., and Farmer, J., concur.